IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

vs.                                    CASE NO. **4:04CR000189GH**

DEXTER ROSS                                                                              DEFENDANT

## **ORDER**

The Court has received the proposed Findings and Recommendations from Magistrate Judge John F. Forster, Jr, finding that the motion to suppress should be denied. Defendant has filed objections. The Court has reviewed the record and approves and adopts the Findings and Recommendations in their entirety as this Court's findings in all respects.[1] The Court, however, makes the following additional findings in response to the objections.

Defendant contends that the $910 in cash seized when defendant's vehicle was stopped should be suppressed. It is clear that the state trooper would have had probable cause to stop defendant's vehicle after the officer observed the vehicle speeding through a residential area. *See United States v. Brown*, 345 F. 3d 574 (8th Cir. 2003). According to the testimony at the suppression hearing, the state trooper stopped defendant because he was requested to do so by the DEA agents.

Here, there was reasonable suspicion to stop the vehicle based on the information law enforcement officials had concerning defendant's illegal drug activity as well as defendant's actions in speeding away. Furthermore, the pat-down search was permissible as was the subsequent seizure of the cash. *See United States v. Bustos-Torres,* 396 F. 3d 935, 944-45 (8th Cir. 2005).

---

[1] Because there was insufficient time to obtain a written transcript of the suppression hearing, the Court reviewed the tapes of the suppression hearing.

-1-

The search warrant authorized the search of the premises and curtilage of defendant for "documentary evidence, documentary evidence to include, but not limited to phone records, drug ledges, U.S. currency, and computers, and other items used in furtherance of a Drug Conspiracy in violation of the Controlled Substances Act." Defendant contends that the search warrant was limited to documentary evidence and that certain items seized, in particular, the scales, a baggie containing 10 grams of crack cocaine, a baggie containing a small amount of marijuana, and a vacuum sealer, exceeded the scope of the warrant. The Court disagrees. The language was specific enough to authorize police to seize items associated with an illegal drug conspiracy. *See United States v. Coppage*, 635 F. 2d 683, 687 (8th Cir. 1980).

Defendant also challenges the seizure of the crack cocaine and scales which were found above a doorway. There was a dispute as to whether the officers actually removed paneling to find the articles. The officers stated that the drugs and paraphernalia were in plain view. Even assuming they were not, the Court is not persuaded that the search for items above the doorway exceeded the scope of the search warrant. The police were authorized to search for items connected with the drug conspiracy, items which could have been hidden directly related to investigation of the drug conspiracy. *See United States v. Weinbender*, 109 F.3d 1327, 1330 (8th Cir. 1997).[2]

Accordingly, the motion to suppress is denied.

IT IS SO ORDERED this 24th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also contends that there was not sufficient probable cause to search his house. The Magistrate Judge adequately addressed this issue, and the Court finds that there was probable cause for the warrant.